UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN TIERNEY COCKBURN,

Plaintiff,

v.

SWS INDUSTRIES, INC. dba MCGILL, INC., *et al.*,

Defendants.

Case No. C10-1566RSL

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL AND AWARD SANCTIONS

This matter comes before the Court on Plaintiff's "Motion to Compel and for Sanctions" (Dkt. # 78). Plaintiff alleges that Defendant McGill, Inc., has not yet complied with discovery requests propounded in September 2011. Worse, she contends that she has discovered that Defendant, and arguably its counsel, has willfully failed to disclose relevant, responsive materials, agreeing to do so only after being "caught." Plaintiff asks for reimbursement of her fees and costs in bring this motion and requests oral arguments on the matter. The Court GRANTS the motion IN PART.

## I. BACKGROUND[1]

This case concerns the alleged use of Plaintiff Tierney Cockburn's copyrighted "paper floral art" designs without her permission. Plaintiff is a Washington resident who designs and creates methods of making floral art out of paper. Her works are original and copyrightable.

---

[1] The Court assumes the parties are familiar with the facts and allegations undergirding this case and repeats them here only as necessary.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL AND AWARD SANCTIONS- 1

Defendant McGill, Inc., is a Illinois corporation that sells a line of "paper punches" under the brand names "Perfect Petals" and "Paper Blossoms." Plaintiff alleges that specific punches infringe her original designs. She further alleges that the entirety of Defendant's line so resembles her own products that it violates Washington's trade dress infringement laws.

On September 27, 2011, Plaintiff served the discovery requests at issue on Defendant. On November 15, 2011, Defendant responded, objecting to many of Plaintiff's requests as either irrelevant to the allegations of Plaintiff's amended complaint or unduly burdensome. Dkt. # 78-3. Plaintiff disagreed with Defendant's view. Within a week, she wrote to Defendant, explaining why she was entitled to each of the items she requested. Dkt. # 78-4. The parties eventually conferenced and compromised on some of the requests, but otherwise did not resolve their dispute. Mot. (Dkt. # 78) at 4–5.

The plot thickened in the ensuing months. Plaintiff alleges that she discovered through the deposition of numerous McGill witnesses that Defendant was in possession of many materials responsive to her requests, yet still undisclosed. Defendant admits as much, arguing that it is waiting for Plaintiff to give it a list of specific documents unearthed during these depositions. Opp. (Dkt. # 79) at 1–2. After failing to make any material headway at a subsequent "meet-and-confer" conference, Plaintiff filed the present motion, asking the Court to compel Defendant to disclose documents in response to her Requests for Production ("RFP") Nos. 4, 10–14, 18, 24–28, 32, 38–70, 72, 78, 80, 84–98, and 100. Dkt. # 78.

## II. DISCUSSION

The discovery standard is a liberal one. Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "[I]nformation need not be admissible at the trial" to be

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL AND AWARD SANCTIONS- 2

considered relevant. Id. Rather, information is discoverable so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Id.

With this understanding in mind, the Court turns to Defendant's rationale for resisting the multiple categories of documents requested by Plaintiff. It then considers whether Plaintiff is entitled to her "reasonable expenses incurred in making th[is] motion, including attorney's fees," Fed. R. Civ. P. 37(a)(5)(A), and whether oral arguments are necessary.

**A. The Disputed Requests**

**1. RFP Nos. 4, 18, and 32 — "Source Materials"**

Each of these requests pertains to Plaintiff's request for the "source material" for the design of specific products at issue in this suit. Dkt. # 78-3. Defendant contends that it misunderstood Plaintiff's request, believing Plaintiff wished to know only the source for the raw materials used to produce the products. Opp. (Dkt. # 79) at 3. The Court finds that representation incredible. In her November 22 letter to Defendant, Plaintiff specifically stated that she sought documents relevant to "the source of the design for [each] product." Dkt. # 78-4. It was plain what Plaintiff sought, and the Court ORDERS Defendant to comply with each of her requests. If it does not, the Court will impose sanctions, including, but not limited to, "prohibiting [Defendant] from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A).

**2. RFP Nos. 10, 24, and 38 — Income Materials**

Each of these requests pertains to Plaintiff's request for documents, including invoices, purchase orders, and/or collection letters, that demonstrate all income or revenue received from the sale of some of the specific McGill products at issue here. Dkt. # 78-3. Defendant argues that it provided Plaintiff with revenue figures, but that it

would be unduly burdensome to provide the more detailed documents requested. Opp. (Dkt. # 79) at 3–4. The Court disagrees.

Defendant's unsupported objections fall woefully short of demonstrating that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). And, given the obvious concerns raised by Defendant's history of non-disclosure, the Court ORDERS Defendant to disclose all materials relevant to Plaintiff's request.

**3. RFP Nos. 11, 25, 39, 53, and 67 — "Costs Associated" Materials**

Each of these requests pertains to Plaintiff's request for documents that reflect the "costs associated" with specific products. Dkt. # 78-3. Defendant argues that it provided Plaintiff with the requested documents—a total of 32 pages. Opp. (Dkt. # 79) at 4. Again, the Court finds reason to doubt that representation.

Defendant responded to RFP Nos. 53 and 67 by objecting to disclosure on the grounds that the specific products at issue were not specifically named in Plaintiff's amended complaint. Of course, that is not the standard for disclosure. Evidence must only be "reasonably calculated to lead to the discovery of admissible evidence" to be discoverable. Fed. R. Civ. P 26(b). Regardless, Plaintiff has stated a claim alleging that Defendant's entire line, of which each of the disputed products is a part, "so resemble Tierney Cockburn's products, with respect to trade dress, that ordinary consumers are mistaking one for the other." Amended Complaint (Dkt. # 16) at ¶ 107. As a result, Plaintiff is plainly entitled to the evidence she seeks.

Moreover, the Court notes that it expects that Defendant has both disclosed all relevant materials and that it has done so in a manner that allows Plaintiff to readily identify those materials. If the Court determines that Defendant is selectively disclosing

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL AND AWARD SANCTIONS- 4

some documents and not others, or disclosing them in a manner intended to frustrate Plaintiff's inquiry, it will impose substantial sanctions. Fed. R. Civ. P. 37(b)(2)(A).

### 4. RFP Nos. 12, 13, 26, 27, 40, 72, 100 — Promotional Materials

Plaintiff next requests that the Court order Defendant to fully respond to its requests for promotional materials relevant to specific products. Reply (Dkt. # 81) at 3. It notes that while Defendant has disclosed some materials, cf. Opp. (Dkt. # 79) at 4–5, many more have been uncovered only through third-parties, even though Defendant has apparently had each in its possession. Reply (Dkt. # 81) at 3. For reasons already explained, the Court ORDERS Defendant to fully respond to Plaintiff's requests. Again, if the Court determines that Defendant is selectively disclosing some documents and not others, or disclosing them in a manner intended to frustrate Plaintiff's inquiry, the Court will not hesitate to impose substantial sanctions. Fed. R. Civ. P. 37(b)(2)(A).

### 5. RFP Nos. 13, 27, 41, and 72 — "Sue Eldred" Materials

Plaintiff's contention in regard to each of these documents is its belief that Defendant is selectively disclosing only certain materials and not fully responding to her requests. Dkt. # 78-4. The Court ORDERS Defendant to fully comply with Plaintiff's requests. As stated before, the Court will not hesitate to impose substantial sanctions should it find that Defendant is failing to do so. Fed. R. Civ. P. 37(b)(2)(A).

### 6. RFP Nos. 14, 28, and 42

Plaintiff complains that Defendant provided materials only in relation to individual customers and ignored its request for materials relevant to distributors and resellers. Dkt. # 78-4. The Court ORDERS Defendant to supplement its response to account for Plaintiff's request for materials relevant to distributors and resellers.

### 7. RFP Nos. 43–70 — "Product Line" Materials

Each of these requests pertain to Plaintiff's request for "documents that discuss, reflect, or relate to the creation, design and manufacture" of specific McGill products.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL AND AWARD SANCTIONS- 5

Dkt. # 78-3. Defendant responded to each by objecting to disclosure on the grounds that the specific products at issue were not specifically named in Plaintiff's amended complaint. As the Court has already explained, that is irrelevant. Plaintiff has stated a claim alleging that Defendant's entire line, of which each of the disputed products is a part, "so resemble Tierney Cockburn's products, with respect to trade dress, that ordinary consumers are mistaking one for the other." Amended Complaint (Dkt. # 16) at ¶ 107. Again, Plaintiff is plainly entitled to the evidence she seeks, and the Court ORDERS Defendant to produce the requested information.

### 8. RFP No. 78 – "Catalog" Materials

Plaintiff also requested that Defendant produce "documents that discuss, reflect, or relate to the distribution of catalogs . . . , including[,] but not limited to, mailing lists, show marketing reports, business cards, or customer lists." Dkt. # 78-3. Defendant objected on the grounds that the request was "not reasonably calculated to lead to the discover of admissible evidence." Id. The Court disagrees. It is certainly relevant to both infringement and damages. Accordingly, the Court ORDERS Defendant to fully disclose the requested information.

### 9. RFP No. 80 and 84–85 — "Distributor and Retailer" Materials

Plaintiff's next request was for documents related to any agreements between Defendant and third-parties to distribute or sell the allegedly infringing products and product line. Dkt. # 78-3. Defendant asserts that it has complied with that request. Dkt. # 79 at 7. In response, Plaintiff contends that Defendant has only provided summary data, rather than the objective raw data it seeks. Dkt. # 81 at 4. Given the circumstances and Defendant's behavior in this case, the Court thinks that request to be eminently reasonable. It ORDERS Defendant to provide the requested agreements and documents themselves rather than mere summaries.

**9. RFP No. 86–98 — "Financial" Materials**

Finally, Plaintiff requested that Defendant produce specific financial documents relevant to the revenue earned by Defendant as a result of its sale of the allegedly infringing products and line. Dkt. # 78-3. She asserts that Defendant again provided only summaries, not actual objective financial data. Reply (Dkt. # 81) at 4.

In response, Defendant contends that Plaintiff is only entitled to discover its gross revenue, because the burden is on Defendant to demonstrate any appropriate reductions. Opp. (Dkt. # 79) at 8–9. While that is certainly a correct statement of the law, see, e.g., Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 711 (9th Cir. 2004) ("'In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.'" (quoting 17 U.S.C. § 504(b))), it does not support Defendant's refusal to produce the requested documents. Unless Defendant wishes to be precluded from introducing any evidence of "deductible expenses and the elements of profit attributable to factors other than the copyrighted work," e.g., Dkt. # 78-3 (RFP Nos. 86–93, 98), it must disclose that evidence to Plaintiff. The same is true of its tax returns. Id. (RFP Nos. 95–97).

Finally, the Court sees no issue with Plaintiff's request that Defendant disclose all documents "sufficient to identify all potential and actual manufacturers" of the relevant products. Id. (RFP Nos. 94). If Defendant did not consider and is not considering any potential manufacturers, it is certainly free to say so, but the request as a whole is certainly relevant as to damages.

\* \* \*

In sum, the Court ORDERS Defendant to fully comply with each of Plaintiff's requests or run the risk of sanctions, including, but not limited to, the Court "prohibiting

[Defendant] from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A). Defendant has received its one and only warning. The Court will not look kindly on any further obstructionist behavior.

**B. Award of Fees**

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Plaintiff is entitled to any "reasonable expenses incurred in making the motion, including attorney's fees," unless:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Defendant has not raised any argument as to why fees and expenses are not warranted in this case, see Dkt. # 79, and the Court sees no reason not to award Plaintiff her reasonable expenses.

Plaintiff attempted in good faith to obtain disclosure without court action. Plaintiff's counsel sent Defendants a lengthy letter explaining Plaintiff's entitlement to the information she sought, Dkt. # 78-4, and twice conferenced with Defendant in an attempt to persuade it to furnish the requested information. Moreover, Defendant's positions were entirely unjustified. And, finally, the Court has been presented with no evidence of any circumstances that would "make an award of expenses unjust."

Accordingly, the Court directs Plaintiff to file a declaration within seven days of the date of this Order that sets forth any "reasonable expenses incurred in making th[is] motion."[2]

---

[2] To be clear, time spent meeting and conferring is not included.

### C. Oral Argument

Because the Court finds that oral arguments would not aid its resolution of this dispute, it DENIES Plaintiff's request.

Notably, though, the Court wishes to correct Defendants' mistaken belief that their location out of state is reason enough to preclude oral argument. While the judges in this district are indeed "committed to assisting the bar and litigants to reduce costs in civil cases," that commitment hinges on counsel's <u>obligation</u> "to work toward the prompt completion of each case and to minimize the costs of discovery." Thus, when counsel fails to hold up its end of the bargain, and engages in obstructionist tactics that lack any substantial justification, it is counsel who is responsible for increasing costs, including those associated with being ordered to attend a hearing in Seattle.

Should this behavior continue, the Court will not hesitate to require Defendants and their counsel to explain their conduct in person.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS Plaintiff's motion IN PART. Defendant is ORDERED to fully and adequately respond to Plaintiff's Requests for Production Nos. 4, 10–14, 18, 24–28, 32, 38–70, 72, 78, 80, 84–98, and 100 within 21 days of the date of this Order. In addition, Plaintiff is entitled to her reasonable expenses in bringing her motion. Fed. R. Civ. P. 37(a)(5)(A). She is directed to file within seven days of the date of this Order a declaration detailing those expenses.

DATED this 4th day of April, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL AND AWARD SANCTIONS- 9